UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OPERATING ENGINEERS LOCAL
324 HEALTH CARE PLAN, *et al.*,

      Plaintiffs,                 Case No. 09-13425
                                                      Honorable Denise Page Hood

v.

DAVIS SPECIALTY CONTRACTING,
INC., *et al.*,

      Defendants.
_____/

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' MOTION TO SET ASIDE DEFAULT

**I.    INTRODUCTION**

Before the Court is Defendants, Davis Specialty Contracting, Inc. and Ronald P. Davis,' Motion to Set Aside Default Judgment, filed on October 19, 2009. On October 22, 2009, Plaintiffs filed a Response to Defendants' Motion to Set Aside Default Judgment.

**II.   STATEMENT OF FACTS**

Plaintiffs initiated the present action on August 28, 2009, alleging the following claims against Defendants: (1) Breach of the Collective Bargaining Agreement; Count I, (2) Breach of Fiduciary Duty under ERISA; Count II, (3) Breach of Fiduciary Duty under the Michigan Building Contract Fund Act ("MBCFA"); Count III. The Complaint was served on Defendants on August 31, 2009.

On September 22, 2009, Defendant Ronald Davis delivered a letter response to Plaintiffs' counsel. Neither Defendant filed an Answer to Plaintiffs' Complaint with the Court. Upon motions

1

by the Plaintiffs, the clerk of the Court entered a default against Defendants on September 28, 2009. On September 29, 2009, the clerk of the Court entered a judgment by default in the amount of $30,770.62 against Defendants Davis Special Contracting, Inc. and Ronald P. Davis. Also on September 29, 2009, Plaintiffs filed a Motion for Judgment Debtor Exam. This Court granted the Plaintiffs' Motion for Judgment Debtor Exam on October 15, 2009. On the same date, Defendants' attorney filed a notice of appearance with this Court.

In support of their Motion to Set Aside Default Judgment, Defendants argue that this Court should set aside the default judgment in this matter because (1) they misunderstood how they were to respond to the Complaint, (2) Defendants have a number of substantive legal defenses to Plaintiffs' claims for breach of fiduciary duty under both Counts II and III, (3) Plaintiffs will not be prejudiced if this Court sets aside the default judgment.

## III. APPLICABLE LAW & ANALYSIS

Federal Rule of Civil Procedure 55(c) states that "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). Rule 55(c) applies if a clerk's entry of default has been entered, and not when the Court has entered default judgment. The clerk entered judgment by default on September 29, 2009, therefore Rule 60(b) applies to the instant matter. Federal Rule of Civil Procedure 60(b) states in pertinent part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or . . . (6) any other reason justifying relief from operation of the judgment.

Fed. R. Civ. P. 60(b)(1) and (6).

2

The three factors that must be considered in order to set aside a clerk's entry of default under 55(c) also apply to a Rule 60(b) motion. *United Coin Meter Company, Inc. v. Seaboard Coastline Railroad*, 705 F. 2d 839, 845 (6th Cir. 1983). The three factors this Court must consider include: 1) whether the plaintiff will be prejudiced; 2) whether the defendant has a meritorious defense; and 3) whether culpable conduct of the defendant led to the default. *Shepard Claims Service v. William Darrah & Assoc.*, 796 F.2d 190, 193 (6th Cir. 1986). "Although the elements for relief under Rule 55(c) and Rule 60(b) are substantially the same, the standards are applied more stringently when considering a motion to vacate judgment under Rule 60(b)." *Shepard Claims Service v. William Darrah & Assoc.*, 796 F.2d 190, 194 (6th Cir. 1986).

In considering Defendant's Motion to Set Aside Default Judgment, the Court is mindful that "[t]rials on the merits are favored in the federal courts . . . ." *United Coin Meter,* 705 F. 2d at 846. This Court must "apply Rule 60(b) equitably and liberally to achieve substantial justice." *Id*. at 844-45. Judgment by default "is a drastic step which should be resorted to only in the most extreme cases." *Id*. at 845. When default is the result of an honest mistake "'rather than willful misconduct, carelessness or negligence' there is especial need to apply Rule 60(b) liberally." *Id.* (citing *Ellingsworth v. Chrysler*, 665 F. 2d 180, 185 (7th Cir. 1981).

A mere delay in satisfying a plaintiff's claim, if plaintiff should ultimately succeed at trial, is not sufficient prejudice to require denial of a motion to set aside a default. *See Berthelsen v. Kane*, 907 F.2d 617 (6th Cir. 1990). To show prejudice, a plaintiff must show that the delay will result in the loss or increased difficulties in discovery. *INVST Financial Group, Inc*. v. *Chem-Nuclear Systems, Inc.*, 815 F.2d 391, 398 (6th Cir. 1987). To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the

3

effect of its conduct on those proceedings. *Shepard Claims Service*, 796 F. 2d at 194.

Upon review of the parties' filings, the Court concludes that Defendants have failed to establish entitlement to relief under Rule 60(b). Defendants first argue that under Rule 60(b)(1) they are entitled to have the judgment set aside because of mistake, inadvertence, and/or excusable neglect.[1] Defendants assert that Defendant Davis responded to Plaintiffs' Complaint with a letter on September 22, 2009. Defendant Davis avers that he was served with the Summons and Complaint in this matter, and that his understanding was that he was to send his answer to Plaintiffs' attorney. *See* Docket No. 18, Aff. of Ronald P. Davis. While the Summons indicated in the last paragraph that Defendants were to file their Answers with the Court, Defendant Davis further asserts that he did not read this portion of the Summons. Plaintiffs counter that Defendant Davis could not be mistaken about the requirement that he respond to Plaintiffs' Complaint by filing an Answer with the Court as Defendants were sued in this same Court in 2006, case number 06-11627. *See* Docket No. 20, Ex. E. Similar to this case, both Defendants failed to file an answer to the complaint, and Defendant Davis had written to the Plaintiffs' counsel after the deadline for filing an answer had passed, resulting in default and default judgment being entered. *Id.*

Defendants' familiarity with federal court proceedings prevents them from asserting mistake or excusable neglect to warrant setting aside the default judgment in this matter. Such familiarity leads this Court to conclude that the last factor, whether Defendants' culpable conduct resulted in the default, weighs in favor of Plaintiffs as Defendants have displayed a reckless disregard for the effect of their conduct on these proceedings. *Shepard Claims Service*, 796 F. 2d at 194.

---

[1] Defendants repeatedly suggest that there is "good cause" for setting aside the default judgment in this matter, however whether or not there is good cause to set aside the default judgment is not the standard here, but rather the standard for a Rule 55(c) motion.

4

Plaintiffs claim that they will be prejudiced because of the other suits filed against Defendants, especially the case cited above, as the total amount of that judgment is $117,883.97 as of June 2008. See Docket No. 20, Ex. J. Plaintiffs assert that they will be prejudiced if this Court sets aside the default judgment in the present matter because this will thwart their recovery amidst the other known creditors. However, the Court has entered an Order prohibiting Defendants from transferring assets prior to satisfaction of the judgment. *See* Docket No. 15. Notwithstanding, the Court concludes that Defendants conduct is culpable as they have repeated the same pattern of behavior by failing to answer to the Plaintiffs' Complaint. Such repeated conduct demonstrates Defendants willful conduct, rather than an honest mistake, inadvertence or negligence.

As stated above, Rule 60(b)(6) permits relief from final judgment for "any other reason justifying relief . . . ." Fed. R. Civ. P. 60(b)(6). A party seeking relief under this subsection of Rule 60(b) must show "extraordinary circumstances" justifying the reopening of a file judgment. *Gonzales v. Crosby,* 545 U.S. 524, 533 (2005). Defendants have failed to advise the Court of the extraordinary circumstances which warrant the relief they request.

### IV.  CONCLUSION

Accordingly,

IT IS ORDERED that Defendants' Motion to Set Aside Default Judgment [**Docket No. 18, filed on October 19, 2008**] is DENIED.

S/Denise Page Hood  
Denise Page Hood  
United States District Judge

Dated: April 9, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 9, 2010, by electronic and/or ordinary mail.

S/William F. Lewis

5

Case Manager